JOSIAH D. RICHARDS *vs.* ALVAH R. CHACE.

A conveyance of a homestead, part of which is exempt, by *St.* 1851, c. 340, from levy on execution, passes no title to any part of the land, if the wife of the grantor does not join in the deed.

WRIT OF ENTRY, dated February 24th 1854, on a mortgage of land in Attleborough. The parties submitted the case to the judgment of the court upon the following facts:

On the 16th of September 1851, George C. Olney purchased the demanded premises, which exceeded $500 in value, and took a deed thereof in the form prescribed by *St.* 1851, c. 340, to secure it as a homestead, and recorded his deed on the 10th of October 1851, being then a householder, having a wife and family, and residing on the premises. On the 21st of January 1852, Olney executed to the demandant, to secure the payment of $1,000, the mortgage in suit, in which his wife did not join.

At September term 1853 of the court of common pleas, the tenant brought an action against Olney, and attached his real estate, and recovered judgment against him, upon which execution issued on the 5th of October 1853, and was levied upon the demanded premises on the 29th of November 1853, in the manner prescribed by *St.* 1851, c. 340, § 7, so much of the premises, including the dwelling-house, as appeared to the appraisers to be of the value of $500, being set off to the judgment debtor, and a portion of the remainder to the tenant.

*C. I. Reed,* for the demandant. By *St.* 1851, c. 340, property in a house and lot, to the amount of $500, may be exempted from levy on execution, although the whole house and lot may be worth more than that sum. In such a case, the owner holds

the premises by two different tenures; a part of it, worth $500 is exempt from levy on execution, and "any property exempted as aforesaid" cannot be conveyed unless his wife joins in the deed; but the residue may be taken by his creditors, or conveyed by him, in the same manner as his other property. *St.* 1851, *c.* 340, §§ 1, 6. A conveyance of the whole estate, in which the wife does not join, passes a good title to the portion not exempted; and also a title to the exempted part, voidable, perhaps, by the grantor and his wife, but not by a creditor of the grantor. The demandant's mortgage therefore gave him a perfect title in so much of the demanded premises as was not exempted, and covered the land set off to the tenant. And the tenant should have seized and sold the equity of redemption, or deducted the amount of the mortgage, according to the provisions of Rev. Sts. *c.* 73, §§ 31 *& seq.* And not having done so, he has acquired no title against the demandant.

*J. Brown,* for the tenant.

SHAW, C. J. This case raises a question of title, and depends upon the construction of *St.* 1851, *c.* 340, exempting certain real estate, being the homestead of a householder, from liability to be levied on by execution, and providing that real estate, under certain circumstances, cannot be conveyed by the deed of the owner, who is a husband, unless the wife join in the deed. Section 3 provides that "to entitle any property to such exemption, *it shall be set forth in the deed of purchase that it is* designed to be held as a homestead, under this act; or, if already purchased, the said design shall be declared by writing, duly sealed and acknowledged, and recorded in the registry of deeds." Section 6 provides that "no conveyance by the husband, of any property exempted as aforesaid, shall be valid in law, unless the wife join in the deed of conveyance."

The present case shows that the demanded premises were purchased by George C. Olney, who took a deed of the same in the form prescribed by this statute, to secure it as a homestead. This was the first step to be taken in order to bring it under the operation of the law. Had the property not exceeded in value $500, here would have been an end of the question ·

but it did exceed that amount. Before any other step taken, the mortgage under which the demandant claims was made by Olney, the owner, in which his wife did not join. The mortgage was of the entire estate. The statute declares expressly, in the section cited, that no conveyance by the husband, without joinder of the wife, shall be valid. That the mortgage is a conveyance, there can be no doubt. It is, as between the parties the present conveyance of a fee, defeasible upon the payment of money or the performance of some other condition.

Then comes in the ingenious argument of the counsel of the demandant, on the construction of the statute. What is it, it is asked, which the statute prohibits the husband from conveying? It is " any property exempted *as aforesaid.*" Now the argument of the learned counsel is, that the property thus exempted is real estate, house, &c. not exceeding in value $500; and that all which is not within that limit is not exempted, and therefore the conveyance is good for all beyond that limit.

This is plausible, but we think not sound. The deed is, in form, of the whole; and there are no means of identifying and distinguishing what part passes, and what does not. By a conveyance, some title passes immediately; indefeasible if the deed be absolute, or conditional if it be a mortgage. It cannot be said that the mortgagee is tenant in common with the mortgagor, because there are no means of determining the aliquot part which passes and that which remains in the mortgagor If it be said that the value will determine it, that if the estate be worth $600, and as to $500 it is void by the statute, it operates to pass $100 worth, or one sixth of the whole; the answer is, that the statute has provided no mode of making the valuation; and the actual value may be constantly fluctuating by the alteration in the exchangeable value, and also in the condition of the estate. In the case supposed, is the value to be that which it was when the deed was made; or when the condition is broken and the mortgagee enters; or when he forecloses? Take the case above supposed; an estate worth $600, so that the mortgage shall be held to attach to one sixth; before foreclosure the house burns down, and the value is reduced to

Richards *v.* Chace.

$400; is the mortgagee's estate gone? Or it rises to $1,000; shall the mortgagee hold one half, leaving the mortgagor one half, being then of the value of $500? Any mode of giving legal effect to such a conveyance would be attended with difficulties so great as to preclude such construction.

It is said that, by a subsequent proceeding of the tenant, in his capacity of execution creditor, the debtor's $500 worth was set off to him, and the residue was levied on by the tenant; and that it is that surplus, over the exempted $500, which the plaintiff seeks to recover under his mortgage, which was prior to the tenant's attachment.

But we think the answer is, that the mortgage deed, not being valid to transfer or pass any interest in the land at the time it was made and recorded, cannot be made good by an appraisement and division made afterwards, between other parties, and for another purpose. But perhaps a more conclusive and satisfactory answer is, that the latter proceeding, and an appraisement, apportionment and assignment of his homestead to the debtor, in case of levy of execution, is authorized and provided for by the statute, and a levy on the surplus, which thus becomes separated and identified, is expressly warranted by the statute; whereas, there is no such, or any other legal mode by which the debtor's homestead can be separated and assigned, so as to leave the surplus to pass by an absolute deed or by a mortgage.

Perhaps it may be said, if this be the construction, that a man may take a deed of a large real estate, in the form required by the statute, stating that he intends to hold it as a homestead, and then a conveyance or mortgage cannot be made of it, without his wife. But such a clause in his title deeds, or in a declaration on record, would be a significant caution to those who would deal with him, that they cannot safely do so without the concurrence of the wife; and as all over $500 would be liable to be taken for the debts of the owner, an insolvent debtor would have little inducement to resort to this mode of holding real estate, in expectation of barring out his creditors.

*Demandant nonsuit.*